UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

OSCAR MORA,

                Plaintiff,

      v.

W. HUGHES, *Deputy Supt. of Security*;
J. RAO, *Medical Doctor*; and A. HAYNES,
*Registered Nurse*,

                Defendants.

───────────────────────────────

**DECISION AND ORDER**

6:15-CV-06038 EAW

## INTRODUCTION

Plaintiff Oscar Mora ("Plaintiff"), *pro se* and incarcerated at Attica Correctional Facility ("Attica"), brings this action against three Attica employees—W. Hughes ("Hughes"), Deputy of Security; J. Rao ("Dr. Rao"), a doctor; and A. Haynes ("Haynes"), a nurse (collectively, "Defendants")—pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (Dkt. 1). Dr. Rao moves to dismiss the complaint against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 15-1). For the reasons discussed below, the Court denies Dr. Rao's motion.

## BACKGROUND

### I.    Factual Background

The following facts are drawn from Plaintiff's complaint. (Dkt. 1).

Plaintiff has been incarcerated at Attica from 2008 until the present, including all times relevant to this action. (*Id.* at ¶ 4). He suffers from "Brittle Type 1" Diabetes,

which is "the most severe category of Type 1 Diabetes." (*Id.* at ¶ 17). Those who suffer from Brittle Type 1 Diabetes "require constant readings of their blood sugar so as to not go into shock or even die." (*Id.*). Additionally, "Type 1 Diabetics can experience hypoglycemia (low blood sugar) or hyperglycemia (high blood sugar)," either of which "can cause plaintiff to have seizures, coma, or even death." (*Id.* at ¶ 18).

On June 28, 2011, after several "severe" episodes of hypoglycemia, Plaintiff met with Dr. Rao to discuss whether Plaintiff required a glucometer in his cell. (*Id.* at ¶ 20). Dr. Rao agreed that Plaintiff needed a glucometer but claimed "it [would] likely be denied by [the] administration." (*Id.*).

On April 5, 2012, Plaintiff was brought to the emergency room in a wheelchair because of an episode of low blood sugar. (*Id.* at ¶ 19).

On June 26, 2012, Plaintiff met with Dr. Rao for a second time regarding Plaintiff's need for a glucometer in his cell. (*Id.* at ¶ 20). Dr. Rao agreed that Plaintiff needed the device but advised him to write to Hughes. (*Id.*). Plaintiff then wrote a letter to Hughes, requesting approval for the glucometer. (*Id.*). Hughes denied Plaintiff's request, citing security concerns. (*Id.*).

On October 10, 2012, Plaintiff sent Hughes another written request for a glucometer, contending that "the Federal Bureau of Prisons allows certain inmates that ha[ve] diabetes to have glucose meters and lancets to allow these prisoners to better maintain their blood sugar levels." (*Id.* at 21). Two days later, Hughes denied this request. (*Id.*).

Throughout 2012 and 2013, Plaintiff experienced several episodes of hypoglycemia, abnormal blood sugar, and related side effects. (*See id.* at ¶¶ 22-28). For example, on November 29, 2012, he had a hypoglycemic episode and was found unconscious in his cell. (*Id.* at ¶ 22). On July 21, 2013, he suffered from headaches and vomiting and was taken to the emergency room, where he discovered that "his blood sugar was at a dangerous level of 403." (*Id.* at ¶ 23). On December 29, 2013, Plaintiff had a hyperglycemic episode, but medical staff failed to respond; in particular, "Haynes was on duty but failed to assess and administer insulin for [P]laintiff, stating to [an] officer on duty, 'I'm not going up there unless he's having a reaction.'" (*Id.* at ¶ 27).

Plaintiff filed two grievances concerning his medical care. The first was filed on November 18, 2013, and the second was filed on January 9, 2014, against Haynes for allegedly inadequate medical care. (*Id.* at ¶¶ 10, 29). The Superintendent denied each grievance. (*Id.* at ¶ 11). Plaintiff's subsequent appeals of those denials were also denied. (*Id.* at ¶¶ 12-13).

Based on the foregoing, Plaintiff claims that Defendants were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment. (*Id.* at ¶¶ 32-34). Plaintiff claims that Dr. Rao's failure to advocate in favor of allowing Plaintiff to have a glucometer constituted deliberate indifference to Plaintiff's serious medical needs. (*Id.* at ¶ 33, 7). Plaintiff seeks an order directing Defendants to immediately allow Plaintiff to have a glucose meter, as well as damages. (*Id.* at 7-8).

## II. Proceedings in this Court

Plaintiff filed his complaint on January 21, 2015. (Dkt. 1). This Court granted Plaintiff leave to proceed *in forma pauperis* on September 29, 2015. (Dkt. 6).

On May 15, 2016, Dr. Rao moved to dismiss the complaint with respect to the claims asserted against him. (Dkt. 15). The Court issued a scheduling order, setting June 13, 2016, as the deadline for Plaintiff to respond in opposition to Dr. Rao's motion, and June 30, 2016, as the deadline for Dr. Rao to submit a reply. (Dkt. 16). The Court stated that it would determine the motion on the papers submitted, without oral argument. (*Id.*). On June 8, 2016, Plaintiff filed a response in opposition to Dr. Rao's motion. (Dkt. 17). Dr. Rao did not submit a reply.

## DISCUSSION

### I. Standard of Review

In considering a motion to dismiss, a court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (citation omitted). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

Case 6:15-cv-06038-EAW-JWF   Document 27   Filed 02/28/17   Page 5 of 10

678 (2009); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("The plausibility standard is not akin to a probability requirement. A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." (citations and internal quotation marks omitted)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration and citations omitted). Thus, "at a bare minimum, the operative standard requires the 'plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (alteration and citations omitted).

"It is well-settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)); *see also McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen [a] plaintiff proceeds *pro se* . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.").

## II. Deliberate Indifference

Plaintiff alleges that Dr. Rao has subjected him to cruel and unusual punishment in deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Dkt. 1 at ¶ 33).

"The Eighth Amendment, which applies to the states under the Due Process Clause of the Fourteenth Amendment, guarantees freedom from cruel and unusual punishment." *Jones v. Westchester Cty. Dep't of Corrs. Med. Dep't*, 557 F. Supp. 2d 408, 413 (S.D.N.Y. 2008). An Eighth Amendment claim arising out of inadequate medical care requires a plaintiff-inmate to demonstrate that a defendant was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A claim for deliberate indifference has both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

Objectively, a medical need is serious for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)). "Subjectively, the official charged with deliberate indifference must have acted with the requisite state of mind, the 'equivalent of criminal recklessness.'" *Lapierre v. Cty. of Nassau*, 459 F. App'x 28, 29 (2d Cir. 2012) (quoting *Hathaway*, 99 F.3d at 553). Specifically, a plaintiff must prove that the prison official knew of a serious medical condition and nonetheless disregarded the plaintiff's medical needs. *Farmer*, 511 U.S. at 837 (holding that a prison official does not act in a

deliberately indifferent manner towards an inmate unless he "knows of and disregards an excessive risk to inmate health or safety"); *see also Beaman v. Unger*, 838 F. Supp. 2d 108, 110 (W.D.N.Y. 2011) ("To establish deliberate indifference, . . . [a] plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain.").

More than medical malpractice is required to establish a constitutional violation. "Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness. . . . " *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011). Similarly, mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106.

Consistent with those principles, "[i]t has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment." *Hill,* 657 F.3d at 123. "[M]ere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance,* 143 F.3d at 703.

### III. Application

Dr. Rao moves to dismiss Plaintiff's complaint on the ground that Plaintiff failed to sufficiently allege the subjective component of a deliberate indifference claim,[1] arguing that Plaintiff failed to "allege any facts suggesting Dr. Rao acted with recklessness." (Dkt. 15-1 at 2-3). Dr. Rao contends that Plaintiff's factual allegations—that Dr. Rao examined plaintiff, concluded that a glucometer was medically appropriate, and approved the device—actually undermine any claim that Dr. Rao acted with recklessness. (*Id.* at 3). According to Dr. Rao, Plaintiff "is attempting to hold Dr. Rao liable for the fact that, according to Plaintiff, a Deputy Superintendent overruled the doctor." (*Id.*).

Plaintiff responds that Dr. Rao mischaracterizes the allegations in the complaint; he does not allege that Dr. Rao approved the glucose meter, but rather that Dr. Rao "*only advised Plaintiff* that he requires a glucometer and never actually contacted . . . Hughes regarding approval of the glucometer." (Dkt. 17 at 6).[2]

---

[1] Defendants do not challenge the objective component of Plaintiff's deliberate indifference claim. (Dkt. 15-1 at 2 ("For purposes of this motion, Defendants do not dispute that Plaintiff has pled a serious medical need.")).

[2] In his response, Plaintiff also states that "during the course of discovery, [he] has become aware that this denial of health care was not an isolated incident. In fact, there appears to be a pattern of care denial at this facility. According to medical records, when considering the totality of episodes (hypoglycemic and hyperglycemic) [P]laintiff has endured, it is clear that . . . [D]efendants acted with deliberate indifference." (Dkt. 17 at 7). Plaintiff did not raise this "pattern of care denial" claim in his complaint. The Court is not required to consider claims that are raised for the first time in opposition to a motion. *See Cohen v. New York*, 481 F. App'x 696, 697 (2d Cir. 2012).

Liberally construed, Plaintiff's allegations concerning Dr. Rao are adequate to state a claim of deliberate indifference. Plaintiff alleges that Dr. Rao knew of his Brittle Type I Diabetes and but nonetheless failed to take the necessary steps to ensure that Plaintiff would receive what Dr. Rao agreed was a medically-necessary device, in disregard of an excessive risk to Plaintiff's health. Plaintiff alleges that Dr. Rao was Plaintiff's "care provider" and was "responsible for medical care generally," from which it can reasonably be inferred that Dr. Rao bore a responsibility to ensure that his patient received the glucometer. (Dkt. 1 at ¶ 33). Plaintiff does not allege "mere disagreement over the proper treatment." *Chance,* 143 F.3d at 703. Rather, Plaintiff alleges that Dr. Rao agreed that the device was medically necessary and the proper treatment, but nonetheless failed to ensure that Plaintiff received it, despite Plaintiff's repeated hospitalizations and severe symptoms that resulted from his apparently uncontrolled diabetes. At this stage, the Court finds Plaintiff's pleadings sufficient to allege that Dr. Rao acted intentionally in disregard to a risk to Plaintiff. *Cf. Engles v. Jones*, 144 F. Supp. 3d 413, 425 (W.D.N.Y. 2015) (concluding that prisoner alleged sufficient facts on the subjective prong when he had alleged that a nurse, *inter alia*, had for several months denied the prisoner a splint for his broken finger).

## CONCLUSION

For the foregoing reasons, Dr. Rao's motion to dismiss (Dkt. 15) is denied. Dr. Rao is directed to file an answer to Plaintiff's complaint within 30 days of the date of this Decision and Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: February 27, 2017
       Rochester, New York