# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

OSCAR MORA,

               Plaintiff,

        v.

W. HUGHES, et al.,

               Defendants.

**DECISION & ORDER**
**15-CV-6038-EAW-JWF**

## Preliminary Statement

Currently before the Court are two motions: (1) a motion to appoint counsel filed by pro se plaintiff (Docket # 30) and (2) a motion to compel discovery responses filed by defendants (Docket # 39). The Court held a status conference on October 24, 2017, during which time the parties raised an additional issue: putative defendant Deputy Superintendent W. Hughes ("Hughes") was apparently never served with the complaint. For the reasons that follow, plaintiff's motion to appoint counsel (Docket # 30) is **denied**; defendants' motion to compel is **denied as moot**; the time to serve Hughes is extended by 90 days from the date of this Order; the Court requests that the Attorney General ascertain Hughes' address and provide it to the Pro Se Office by November 2, 2017; the Clerk of Court is ordered to direct the United States Marshal to serve Hughes at this address; and the United States Marshal shall report to the Court within 90 days of the filing of this Order as to the status of service.

1

**Factual Background**

Plaintiff Oscar Mora's ("plaintiff" or "Mora") complaint arises out of several alleged instances of deliberate indifference related to treatment of plaintiff's diabetes while he was incarcerated at Attica between 2010 and 2013. See Complaint (Docket # 1). He requested permission to proceed *in forma pauperis*. See Docket # 5. The Court granted that request on September 29, 2015, and ordered the United States Marshal (the "Marshal") to serve copies of the summons and complaint on defendants Hughes, J. Rao, and A. Haynes ("defendants"). See Docket # 6. Rao was served on November 16, 2015 (see Docket # 7). Plaintiff wrote to the Marshal on January 26, 2016, regarding the service on the other two defendants. See Docket # 8. The summonses for Hughes and Haynes were returned as undeliverable on February 12, 2016 (see Docket ## 9, 10). Plaintiff again reached out to the Marshal for assistance with serving defendants on April 20, 2016. See Docket # 12. Consequently, the Court ordered the Attorney General to ascertain proper addresses for Hughes and Haynes, and then the Clerk was to direct service on these defendants. See Docket # 13.

Meanwhile, Rao (the only defendant who had been served at the time) moved to dismiss the complaint. See Docket # 15. On July 6, 2016, Haynes answered. See Docket # 18. Judge Wolford denied Rao's motion to dismiss on February 28, 2017 (see Docket # 27),

2

and Rao answered on April 13, 2017 (see Docket # 32). Plaintiff moved for appointment of counsel on April 6, 2017. See Docket # 30. Throughout this period of time, the parties were engaged in discovery and a dispute arose. On June 8, 2017, Haynes and Rao filed a motion to compel certain discovery responses (see Docket # 39), and the Court held a status conference on October 24, 2017, during which time the parties addressed the pending motions and informed the Court that Hughes was never served.

## Discussion

I. Plaintiff's Motion to Appoint Counsel: Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28 U.S.C. § 1915(e) when the facts of the case warrant it. Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also, In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder,

3

> the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, I believe plaintiff's allegations satisfy the initial threshold showing of merit. See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004) (finding that plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment satisfied threshold showing of merit); see also Allen v. Sakellardis, No. 02 CV 4373, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003) (finding that plaintiff's allegation that correctional officers assaulted him while he was restrained "appears to have some chance of success"). Indeed, plaintiff's claims have already survived Rao's motion to dismiss. However, after reviewing the complaint and considering the nature of the factual and legal issues involved, as well as plaintiff's ability to present his claims, the I conclude that appointment of counsel is not warranted at this particular time.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Here, plaintiff's pro se complaint is detailed in nature and adequately describes the events that allegedly led to his complaint. He has proved adept at drafting legal papers and at corresponding with counsel and with the Court.

His submissions – both oral and written – before the Court indicate that he is capable of representing himself at this time.

Accordingly, at this juncture at least, plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). Given the limited resources available with respect to pro bono counsel, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03 CV 6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 CV 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Therefore, plaintiff's motion to appoint counsel (Docket # 30) is **denied**.

II. Defendants' Motion to Compel: At the status conference on October 24, 2017, plaintiff stated on the record that he did not have any documents responsive to defendants' request that were

5

not already in defendants' possession. Therefore, defendants' motion to compel (Docket # 39) is **denied as moot**.

III. Service on Hughes: During the status conference on October 24, 2017, the parties informed the Court that Hughes had never been served with the complaint. The Marshal's attempt to serve Hughes in February 2016 was unsuccessful. The Court issued an order on April 29, 2016, requesting that the Attorney General produce Hughes' address by May 23, 2016. It appears from the docket and the Court's records that the Court never received the requested information from the Attorney General. It does not appear that the Marshal ever attempted to serve Hughes again.

The Court understands that Hughes has retired from the Department of Corrections and Community Supervision ("DOCCS"). Additionally, the Court is aware that it is a "policy" of DOCCS not to inform inmates or former inmates of a current address for former or retired employees and that without such information plaintiff and the Marshal will be stymied in their efforts to re-serve Hughes.

Accordingly, this Court finds that there is "good cause" to extend the time in which plaintiff may serve the summons and complaint upon Hughes an additional 90 days, Fed. R. Civ. P. 4(m); see Romandette v. Weetabix, 807 F.2d 309, 311 (2d Cir. 1986) (interpreting Rule 4(j), the predecessor subdivision to Rule 4(m)); Armstrong v. Sears, 33 F.3d 182, 188 (2d Cir. 1994); see

6

generally Husowitz v. American Postal Workers Union, 190 F.R.D. 53, 57-58 (E.D.N.Y. 1999) (collecting cases).

Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), the Court requests that the New York State Attorney General's Office (the "Attorney General") work with DOCCS to ascertain Hughes' address for purposes of serving him with the complaint in this action. By November 2, 2017, the Attorney General shall provide Hughes' address to the Pro Se Office, 100 State Street, Rochester, New York 14614. Once this information is provided, the Clerk of Court shall issue amended summonses and cause the Marshal to re-serve the summons and complaint upon Hughes at the address provided by the Attorney General and DOCCS. The Marshal is further directed to report directly to the Court as to the status of service upon Hughes within ninety (90) days of the filing of this Order.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendant is directed to answer the complaint.

## Conclusion

For the foregoing reasons, plaintiff's motion to appoint counsel (Docket # 30) is denied; defendants' motion to compel is **denied as moot**; the time to serve Hughes is extended by 90 days from the date of this Order; the Court requests that the Attorney General ascertain Hughes' address and provide it to the Pro Se Office by November 2, 2017; the Clerk of Court is ordered to direct

the Marshal to serve Hughes at this address; and the Marshal shall report to the Court within 90 days of the filing of this Order as to the status of service. Once Hughes answers, the Court will set a new scheduling order, including a new date for the parties to file summary judgment motions.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   October 26, 2017
         Rochester, New York